DUPRIS, J.
This matter came before the Court of Appeals for an Initial Hearing on November 20, 2015. Appellant appeared in person and with spokesperson Mark Carroll. Appellee appeared in person and with spokesperson Leone Reinbold. Appellant appeals the Trial Court’s decision to deny her Motion to Recuse Judge Nomee from hearing this case. Appellant alleges that Judge Nomee resides across the street from Appellee and feels that this proximity potentially jeopardizes her right for a fair trial.
A petition for custody was filed in the Trial Court on January 31, 2015. An Order Assigning Judge was entered on September 22, 2015. The assigned judge entered an Order for Temporary Custody on September 30, 2015. Appellant then alleges that she discovered that the Appellee and Judge Nomee were neighbors. She then filed a Motion to Recuse on October 14, 2015. Another judge entered an order which denied Appellant’s motion. No hearing was held on the motion.
Colville Tribal Law and Order Code (CTLOC) § 1-1-143, Disqualification of Judge states:
Any party to any legal proceeding hereunder, including trials and appeals, may accomplish a change of assignment of his case from one judge to another upon filing an Affidavit of Prejudice with the Court, giving satisfactory reasons for the change. The Affidavit shall be in written form and must be filed with the Court before any trial action whatever has been taken by the initial judge. The initial judge shall refer the affidavit to another judge for decision.
This Court has previously found that a reviewing judge should make more detailed inquiries regarding whether there are sufficient facts to support allegations of potential bias on the part of a judge. See, CTEC Gaming v. Mosqueda, 8 CCAR 61, 4 CTCR 28, 33 I.L.R. 6101 (2006). In Ortiz v. Pakootas, 5 CCAR 50, 3 CTCR 36, 28 I.L.R. 6183 (2001), this Court remanded the case back to the trial court to allow the judge to “make a specific inquiry into the facts alleged to support the Appellant’s claim of unfair treatment and lack of notice before she enters an order on the Motion to Recuse. Such an inquiry may be made either by accepting sworn affidavits on the issues or by having a hearing on the motion.” Finally in Cleparty v. CCT, 2 CCAR 19, 2 CTCR 55, 21 I.L.R. 6004 (1993) determined that the submitted affidavit of prejudice did not contain sufficient statements of fact from which the reviewing judge could make an informed decision.
In the instant case, Judge George reviewed the Motion to Recuse Judge No-mee and entered her decision to deny the motion. The allegations in the affidavit attached to the motion state that after the temporary custody hearing the Appellant called her attorney to say that she discovered that Judge Nomee lived directly across the street from Appellee. Judge Nomee did not disclose this information to the parties and thus it gave the appearance that Judge Nomee was giving preferential treatment to Appellee. The affidavit further states that when Judge Nomee was assigned the case, notice should have been sent to the parties [1].
The parties concur that there was no hearing held on the motion. There were no sworn affidavits submitted which de *136 tailed how either party was prejudiced by Judge Nomee’s presence on the Bench. While allegations of the appearance of fairness may be sufficient in some instances to show prejudice, in this case, we do not believe Judge George did a sufficient inquiry as to the basis of the allegations. The affidavit was signed by the spokesman for Appellant which contain the allegations allegedly made by his client to him. The client did not sign the affidavit. The facts stated in the affidavit were not independently verified by Mr. Carroll.
Based on the foregoing, this Court finds that the reviewing judge did not conduct a sufficient inquiry into the allegations in the Affidavit of Prejudice and this case should be remanded to make such an inquiry.
It is ORDERED that the Order Granting the Appellee/Petitioner is vacated and this matter shall be remanded to the Trial Court to conduct an inquiry into the facts alleged in the Affidavit Of Prejudice and a new order be issued thereafter.

. Appellant cites to CTLOC § 1-1-140(b) which states that when an assignment is made for judges other than the Chief Judge or associate judges, notice must be given to the parties. In this case, Judge Nomee is an associate judge, even though her title is “Traditional Judge”, thus no notice is required.